| | |
|---|---|
| SANJANETTE RIXNER | NO. 19-CA-595 |
| VERSUS | FIFTH CIRCUIT |
| JEFFERSON PARISH HOSPITAL DISTRICT NO. 2 | COURT OF APPEAL |
| | STATE OF LOUISIANA |

ON APPEAL FROM THE OFFICE OF WORKERS' COMPENSATION,
DISTRICT 7
STATE OF LOUISIANA
NO. 17-7327
HONORABLE SHANNON BRUNO BISHOP, JUDGE PRESIDING

May 27, 2020

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**<u>AFFIRMED</u>**
    **JJM**
    **FHW**
    **JGG**

COUNSEL FOR PLAINTIFF/APPELLANT,
SANJANETTE RIXNER
      Michelle M. Sorrells

COUNSEL FOR DEFENDANT/APPELLEE,
JEFFERSON PARISH HOSPITAL DISTRICT NO. 2
      Meghan E. Ruckman
      Adam M. Stumpf

**MOLAISON, J.**

In this workers' compensation case, appellant/claimant, Sanjanette Rixner, challenges the lower court's finding that certain recent medical treatments were not related to claimant's initial work injury. For the reasons that follow, we affirm.

## PROCEDURAL HISTORY

This matter comes before us for the second time on appeal. In *Rixner v. E. Jefferson Gen. Hosp.*, 15-143 (La. App. 5 Cir. 9/23/15), 176 So.3d 677, *writ denied*, 15-1935 (La. 11/30/15), 184 So.3d 35, we affirmed the Office of Workers' Compensation ("OWC") judge's ruling that claimant, Sanjanette Rixner's, pre-existing condition[1] was aggravated by three work-related accidents[2] during her employment as a nurse at Jefferson Parish Hospital Service District # 2, d/b/a East Jefferson General Hospital ("EJGH"). We also found that the judgment regarding what medical expenses EJGH was to pay was indeterminate, and accordingly remanded the case for a determination of the exact dollar amount of medical expenses incurred as a result of claimant's work-related accidents.[3]

On November 11, 2017, claimant filed a new disputed claim for compensation, related to "treatment for Thoracic spine." A trial on the claim was held on June 12, 2019, following which the OWC judge determined that claimant

---

[1] The record shows that claimant was involved in three motor vehicle accidents in 2004, 2005 and 2007, in which she sustained cervical and lumbar injuries.

[2] In our previous opinion, we summarized claimant's work accidents and related injuries as follows:

> On December 8, 2011, Claimant allegedly injured her back during the course and scope of her employment while helping transfer a patient from a bed to a wheelchair. Thereafter, on October 2, 2012, Claimant suffered a second work-related accident when she stepped on a rug that shifted, causing her to fall onto her right knee and land on her back and buttocks. Two months later, on December 13, 2012, Claimant had a third work-related accident when she experienced left arm pain after helping turn a 600 lb. patient.

*Id*. at 679.

[3] We also found that, based on the factual and medical information EJGH possessed, EJGH had articulable and objective reason to deny benefits. Accordingly, we reversed that portion of the judgment that imposed penalties against EJGH pursuant to La. R.S. 23:1201(F).

had failed to establish by a preponderance of evidence that her alleged thoracic pain was related to her workplace accidents. The instant appeal follows.

## ASSIGNMENT OF ERROR

The Office of Workers' Compensation Judge erred in the determination that claimant's thoracic complaints were not caused by her work-accidents.

## LAW AND ANALYSIS

In the instant case, claimant asserted at trial that she had pre-existing mid-back pain that had previously resolved but was re-injured in a work accident on December 12, 2012. She stated that her pain had increased since that time. Claimant testified that her physician, Dr. Waring, recommended nerve blocks and injections to treat her mid-back area. She was not sure if Dr. Waring was the only doctor who related her thoracic pain to her workplace injury. The proposed treatments were submitted to Workers' Compensation and denied.

Claimant conceded that she was not treated for thoracic pain by any of the five neurosurgeons, or several orthopedic doctors, that she consulted. She also confirmed that thoracic pain was not mentioned in the medical records of Dr. Horace Mitchell for October 18, 2012 through October 24, 2012. The River Parish Chiropractic reports dated April 11, 2012 and October 10, 2012, similarly do not identify a thoracic injury. Also, the February 6, 2012 report from Dr. Brett Rothermal and the report from Dr. Bui dated September 24, 2013, both do not indicate thoracic injury. Claimant also confirmed that a thoracic injury was not previously identified in her answers to interrogatories.

None of claimant's treating physicians testified at trial.

### The independent medical examination

La. R.S. 23:1123, which provides for the appointment of an independent medical examiner (IME) when there is a conflict in the medical evidence, states that the report of the IME shall be *prima facie* evidence of the facts therein stated.

The courts have interpreted La. R.S. 23:1123 to mean that an IME's medical conclusions should be given significant weight because the IME is an objective witness. *Fritz v. Home Furniture–Lafayette*, 95-1705 (La. App. 3 Cir. 7/24/96), 677 So.2d 1132, 1136. Nevertheless, the opinion of the IME is not conclusive, and the trial judge must evaluate all of the evidence presented in making a decision as to the claimant's condition. *Jennings Am. Legion Hosp. v. Daigle*, 01-621 (La. App. 3 Cir. 11/14/01), 801 So.2d 550, 553 *writ denied*, 01-3294 (La. 9/5/03), 852 So.2d 1038. The weight given to the testimony of an IME can be lesser or greater depending on the qualifications or expertise of the physician, the type of examination he performs, his opportunity to observe the patient, his review of other physicians' examinations and tests, and any other relevant factors. *Id*. A trial court's assessment of the necessity of medical treatment pursuant to La. R.S. 23:1203(A) is a factual determination subject to the manifest error standard of review. *Ramogasse v. Lafitte Welding Works*, 93-682 (La. App 5 Cir. 12/13/95), 666 So.2d 1176, 1178.

In the instant case, Dr. Karen Ortenberg was appointed by the OWC judge to conduct an IME of the claimant. In her March 11, 2019 report, Dr. Ortenberg noted that one of the claimant's concerns was that her prior treatments and diagnostic studies never addressed her thoracic spine pathology and that claimant was convinced that "something is wrong." Dr. Ortenberg concluded, in summary, that claimant's complaints of thoracic pain were not related to any of the three work injuries and "do not require any medical treatment, diagnostic studies, and/or medical interventions." The conclusion was based on several factors, including: claimant's own written account of her work injuries never mentioned thoracic pain; out of the 10 doctors that claimant had consulted over the years for treatment, only Dr. Waring mentioned the need for evaluation or treatment to the thoracic spine, and; one MRI taken of claimant's cervical spine showed the upper thoracic levels

within normal limits, and a second MRI of the lumbar spine was interpreted as normal.

### *The trial court's ruling*

In its reasons for judgment, the OWC judge first noted that while the claimant's treating physician concluded that claimant's thoracic complaints are related to her work accident,[4] EJGH's second medical opinion doctor[5] concluded that the thoracic spine pain was not related to claimant's work injury. The OWC judge then recounted that the court had appointed Dr. Karen Ortenberg, a Board Certified Physical Medicine and Rehabilitation doctor, as an independent medical examiner to examine claimant, review past medical records, and give an opinion regarding whether claimant's thoracic complaints are related to the work accident and whether Claimant required additional treatment for the thoracic complaints. The OWC judge referenced Dr. Ortenberg's conclusion that claimant's complaints of thoracic pain are not related to any of the three work injuries and do not require any medical treatment, diagnostic studies, and/or medical interventions. The OWC judge opined:

> Based on a review of the facts and evidence, the Court cannot find that Claimant's work accident caused or aggravated, accelerated, or combined with the preexisting condition produced an injury resulting in a compensable disability. As such, this claim for the thoracic spine is dismissed with prejudice.

An employee in a workers' compensation action has the burden of establishing a causal link between the accident and the subsequent injury or disabling condition. *Peveto v. WHC Contractors*, 93-1402 (La. 1/14/94), 630 So.2d

---

[4] It appears from the record that Dr. Waring's conclusion appears in a letter dated October 2, 2018, in which he states, in relevant part:

> [Claimant] sustained a trip and fall work accident on 10/2/2012. She had a work related lifting injury when moving a heavy patient on 12/13/12. She sustained injuries to her cervical, thoracic and lumbar spine.

[5] The record shows that the second opinion was rendered by Dr. Chadwick Murphy.

689, 691. The appropriate standard of review to be applied by the appellate court to the OWC's findings of fact is the "manifest error-clearly wrong" standard. *Brown v. Coastal Construction & Engineering, Inc.*, 96-2705 (La. App. 1 Cir. 11/7/97), 704 So.2d 8, 10 (citing *Alexander v. Pellerin Marble & Granite*, 93-1698 (La. 1/14/94), 630 So.2d 706, 710. Accordingly, the findings of the OWC will not be set aside by a reviewing court unless they are found to be clearly wrong in light of the record viewed in its entirety. *Alexander*, 630 So.2d at 710. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. *Robinson v. North American Salt Co.*, 02-1869 (La. App. 1 Cir. 2003), 865 So.2d 98, 105, *writ denied*, 03-2581 (La. 11/26/03), 860 So.2d 1139. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Robinson*, 865 So.2d at 105.

## Conclusion

Here, the claimant's own testimony at trial was that she was not treated for thoracic pain by any of the numerous doctors that she had consulted. Further, the IME appointed by the court concluded, based upon a review of claimant's medical records, claimant's subjective account of her medical history, and MRI films, that claimant's complaints of thoracic pain are not related to any of the three work injuries she sustained while employed by EJMC. The trial court also had the benefit of reviewing claimant's medical records. Finally, although Dr. Waring did generally opine that claimant had received injuries to her thoracic, as well as her cervical and lumbar spine, Dr. Waring was not called as a witness to explain his findings at trial.

Based upon our review of the record before us, we cannot say that the trial court's conclusion, that claimant's thoracic complaints are not related to a work accident, is manifestly erroneous.

**DECREE**

Accordingly, for the foregoing reasons, the judgment of the OWC court is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 27, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-595

**E-NOTIFIED**
OFFICE OF WORKERS' COMPENSATION, DISTRICT 7 (CLERK)
HON. SHANNON BRUNO BISHOP (DISTRICT JUDGE)
MICHELLE M. SORRELLS (APPELLANT)        MEGHAN E. RUCKMAN (APPELLEE)

**MAILED**
ADAM M. STUMPF (ATTORNEY)
ONE GALLERIA BOULEVARD
SUITE 1100
METAIRIE, LA 70001